# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Lyndale Gaddy, | C/A No. 8:19-cv-2851-JFA-JDA |
| Petitioner, | |
| vs. | **ORDER** |
| Warden of Kershaw Correctional Institute, | |
| Respondent. | |

**I.     INTRODUCTION**

The *pro se* petitioner, Calvin Lyndale Gaddy ("Petitioner"), brought this action pursuant to 28 U.S.C. § 2254 for habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be summarily dismissed without prejudice and without requiring respondent to file a return because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. (ECF No. 19). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Petitioner was advised of his right to object to the Report, which was entered on the docket on November 20, 2019. (ECF No. 19). The Magistrate Judge required Petitioner to file objections by December 4, 2019. *Id.* However, Petitioner failed to file objections or otherwise respond. Despite Petitioner's failure to provide any notice, the Court is aware that Petitioner did file a motion pursuant to 28 U.S.C. § 2244 for leave to file a second or successive habeas petition with the Fourth Circuit Court of Appeals.[2] *In Re Calvin Lyndale Gaddy*, No. 19-465, Doc. 2 (4th Cir. Dec. 9, 2019). However, that request was denied along with a motion for appointment of counsel. *In Re Calvin Lyndale Gaddy*, No. 19-465, Doc. 7 (4th Cir. Jan. 7, 2020).

## II. STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] The undersigned takes judicial notice of the records filed in Petitioner's request to the Fourth Circuit. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## III. DISCUSSION

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the instant petition is successive and therefore this Court lacks jurisdiction unless authorized by the Fourth Circuit Court of Appeals.

Because Petitioner's request to file a successive petition was denied by the Fourth Circuit Court of Appeals, this Court is without authority to entertain it. *See* 28 U.S.C. § 2244; *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 19). Consequently, the petition is dismissed without prejudice and without requiring a return from respondent.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

January 8, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."